654 So.2d 579 (1995)
Jason GLISZCZYNSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1423.
District Court of Appeal of Florida, Fifth District.
April 13, 1995.
James B. Gibson, Public Defender and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
James Gliszczynski appeals his conviction and sentence for the offense of attempted criminal mischief.[1] He was adjudicated guilty and sentenced to six months supervised probation. Special conditions of probation were that he serve 55 days in the Osceola County Jail and pay restitution in the amount of $2,343.54. The only salient issue on appeal is the validity of the amount of restitution. We affirm.
Gliszczynski argues on appeal that the amount of restitution ordered by the trial court could not exceed $1,000. Although he was charged with criminal mischief for willfully and maliciously causing property damages in excess of $1,000,[2] the jury found him guilty of attempted criminal mischief and found the value of damage to the property *580 was greater than $200 but less than $1,000. Thus, Gliszczynski argues, the jury's verdict necessarily limited the amount of restitution the court could assess to $1,000.
Gliszczynski did not object to the amount of restitution on this basis in the trial court, or argue to the trial court that it could not impose restitution above the amount contained in the jury verdict. Before the trial court, Gliszczynski argued that the amount of restitution should be based upon the fair market value of the property he was accused of damaging rather than the replacement cost, and that the state had not introduced any evidence on the fair market value of the damaged property. In short, the argument presented before this court is different than the argument presented in the trial court. Thus, the argument raised on appeal is not cognizable because it was not asserted in the trial court.
Gliszczynski may not raise an argument for the first time on appeal unless it involves fundamental error. See, e.g., Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982) (appellate court will not consider issue unless it was presented to the lower court except in case of fundamental error, and in order for argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below); accord Tillman v. State, 471 So.2d 32, 34-35 (Fla. 1985); Thomas v. State, 424 So.2d 193, 194 (Fla. 5th DCA 1983). This case does not involve fundamental error. Further, the testimony and evidence presented at trial provided a factual basis for the amount of restitution the court ordered. The amount was not egregious and was appropriate as a condition of probation. See Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992) (where amount of restitution was not illegal or so egregious as to constitute fundamental error, defendant waived right to appeal issue of whether trial court erred in ordering restitution for value of items stolen from victim's house, on the basis that he was only convicted of stealing the victim's automobile, by failing to raise contemporaneous objection); see also § 775.089, Fla. Stat. (1991) ("the court shall order the defendant to make restitution to the victim for ... [d]amage or loss caused directly or indirectly by the defendant's offense ...") Therefore, we affirm Gliszczynski's conviction and sentence.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 806.13, Fla. Stat. (1991).
[2] § 806.13(1), Fla. Stat. (1991).