The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Roberta J. MAXICH, Defendant–Appellant.

No. 97CA0327.

Colorado Court of Appeals, Div. I.

April 30, 1998.

Rehearing Denied June 4, 1998.

Certiorari Denied Feb. 16, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Cynthia Ann Greenfield, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Roberta J. Maxich, appeals the restitution ordered as part of her sentence to probation for forgery. We affirm.

Defendant was charged with theft and forgery for embezzling over $285,000 from her employer, approximately $155,000 of which was stolen by means of forged checks. Pursuant to a plea agreement, the theft charge was dismissed and defendant pled guilty to forgery. The court sentenced her to ten years' probation and scheduled a restitution hearing.

Defendant then filed a motion objecting to any award of restitution. As grounds, she asserted that she had entered into a settlement agreement with her former employer whereby, in exchange for items of real and personal property with a net value of approximately $46,000, defendant's former employer had agreed to relinquish all claims stemming from defendant's embezzlement, to release her from liability forever, and to dismiss the pending civil lawsuit against her. Although the bank on which the forged checks had been drawn was not a party to the agreement, defendant asserted that it, too, was foreclosed from receiving restitution for the $155,000 which it had reimbursed to defendant's former employer.

After conducting a restitution hearing, the trial court ordered that, as a condition of defendant's probation, she was to pay $244,-860.61 to her former employer (representing the amount actually stolen, plus recovery costs, less the value of the property received in the settlement and less the restitution received from the bank). The court also ordered defendant to pay $155,000 to the bank. The court found that defendant had little ability to pay these amounts and directed the probation department to establish a schedule of minimal payments. This appeal followed.

Initially, we note that defendant has narrowed her claim on appeal and no longer challenges the order of restitution insofar as it pertains to the bank.

Restitution is part of the criminal sentence rather than merely a debt owed by the defendant to the victim. *People v. Stewart*, 926 P.2d 105 (Colo.App.1996). Payment of restitution advances the rehabilitative purpose of a probationary sentence. *See People v. Milne*, 690 P.2d 829 (Colo.1984).

Section 16–11–204.5, C.R.S.1997, mandates restitution in every criminal case in which the defendant is sentenced to probation:

> (1) As a condition of every sentence to probation, the court shall order that the defendant make full restitution to the victim of his or her conduct or to a member of the victim's immediate family for the actual damages that were sustained.... Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be equal to the actual pecuniary damages sustained by the victim. The court shall fix the manner and time of performance.

In *People v. Acosta,* 860 P.2d 1376, 1382 (Colo.App.1993), a division of this court considered the effect of a prior settlement agreement between defendant and the victim and stated that:

> [I]n those instances in which a civil claim has been asserted against the defendant and a settlement reached prior to the time that the criminal court considers the issue of restitution, that court must take into consideration any amounts which have been, or will be, received by the victim from, or on behalf of, the defendant. Under the statute, the court must first determine the total amount of the victim's actual, pecuniary damages and then subtract from that amount any proceeds attributable to those damages received by the victim from the settlement of the civil claim. The order of

restitution should be limited to this difference.

Here, defendant concedes that, because the trial court offset the restitution by the amount paid to settle the civil case, the victim will not be unjustly enriched. Defendant nevertheless maintains the trial court's order must be set aside because it conflicts with the release from liability contained in the civil settlement.

We conclude that a release from liability obtained in a civil settlement cannot limit a criminal court's authority to order restitution equivalent to actual pecuniary damages. A contrary conclusion would violate the plain language of § 16–11–204.5 and would frustrate the rehabilitative purposes of probation by permitting criminal defendants to avoid financial responsibility for their conduct.

Finally, contrary to defendant's suggestion, nothing in § 16–11–101.5(2), C.R.S.1997, suggests a different result. That section provides that: "[A]ny amount paid to a victim … under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in any federal or state civil proceeding." By its plain terms, this statute prevents unjust enrichment of a victim by requiring the court presiding over the subsequent civil action to reduce the damages award by the amount already paid by the defendant pursuant to the restitution order in the criminal proceeding. It has no application to the present controversy.

The sentence is affirmed.

DAVIDSON and ROY, JJ., concur