2002 WY 44

**Storm Reall ABEYTA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–46.

Supreme Court of Wyoming.

March 21, 2002.

David B. Hooper and Tom A. Glassberg of Hooper Law Offices, P.C., Riverton and Teton Village, WY, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Nancy E. Vehr, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   In this appeal, we are asked to interpret the restitution statutes to determine whether settlement of civil liability claims will extinguish a restitution order imposed against a criminal defendant during sentencing.   The district court ruled that a civil liability settlement entered into by Appellant Storm Reall Abeyta and two victims of his

criminal conduct did not extinguish the restitution order earlier imposed against him during sentencing for his criminal convictions and denied the petition.

[¶2] We affirm the district court's order denying Abeyta's petition to omit the restitution requirement.

## ISSUES

[¶3] Abeyta presents the following issue for our review:

If a criminal defendant settles, makes payments to his victims and obtains complete releases from them after the court orders him to pay restituion, can the court order him to continue to pay restitution even though the victims would not otherwise be entitled to collect a civil judgment because they executed complete releases?

The State restates the issue as:

Whether the trial court abused its discretion when it did not eliminate but, rather, reduced the restitution by the amount of insurance settlement monies which the victims or their estates received.

## FACTS

[¶4] In its January 31, 2000, order after arraignment and sentence, the district court found Abeyta guilty of reckless endangering in violation of Wyo. Stat. Ann. § 6-2-504(a) and (c) and sentenced him to one year in the Fremont County Detention Center. Abeyta's guilty plea to the charge of aggravated homicide by a vehicle was deferred pursuant to Wyo. Stat. Ann. § 7-13-301. After he served his one-year sentence on the reckless endangering conviction, Abeyta was sentenced to five years supervised probation subject to specified terms and conditions. He was ordered to pay restitution in the amount of $200,624 in accordance with a restitution plan.

[¶5] On February 24 and October 13, 2000, in exchange for $25,000 each, the personal representative of the estate of the deceased victim and the injured victim signed releases discharging all civil claims against Abeyta. The parties to those agreements were the insurer, Abeyta's parents, Abeyta, and the injured victims. The State was not a party to the agreement.

[¶6] On July 1, 2000, several of the restitution statutes were redesignated and supplemented with additional provisions. 2000 Wyo. Sess. Laws, ch. 90, §§ 1, 2. ("W.S. 7-9-103, 7-9-104, 7-9-109, 7-9-111 and 7-9-113 are amended...."). Among other changes to § 7-9-103, the following section was added:

(f) The defendant shall be given credit against his restitution obligation for payments made to the victim by the defendant's insurer for injuries arising out of the same facts or event.

2000 Wyo. Sess. Laws, *supra.*

[¶7] On October 26, 2000, Abeyta filed a petition to modify the court's order after arraignment and sentence. That petition stated that pursuant to W.R.Cr.P. 39(b), Abeyta sought to modify the restitution condition of probation to omit the restitution requirement because one victim and the other victim's estate had signed releases discharging Abeyta from any further liability. Abeyta's petition asserted that § 7-9-110 entitled him to a discharge of the restitution order based on the releases.

[¶8] After a hearing, the district court denied the petition, but did order that pursuant to its discretionary authority under Wyo. Stat. Ann. §§ 7-9-105 and 106, the order of restitution should be reduced by the sum of $50,000. This appeal followed.

## DISCUSSION

*Standard of Review*

[¶9] The parties' contentions present an issue of first impression in Wyoming and require that we interpret the statutory scheme governing restitution, Wyo. Stat. Ann. § 7-9-101 through 115. As of July 1, 2000, a number of amendments to some of these statutes became effective.

Applicable general principles of statutory construction include: if the language is clear and unambiguous, we must abide by the plain meaning of the statute; if a statute is ambiguous, we may resort to general principles of construction; an am-

biguous statute is one whose meaning is uncertain and susceptible of more than one meaning; and in a criminal statute, an ambiguity should be resolved in favor of lenity.

*Amrein v. State*, 836 P.2d 862, 864–65 (Wyo. 1992). This Court construes statutes in pari materia, giving effect to each word, clause, and sentence so that no part will be inoperative or superfluous. *Mazurek v. State*, 10 P.3d 531, 541 (Wyo.2000). We will not construe a statute in a manner which renders any portion meaningless or produces an absurd result. *Id.*

*Legislative Intent*

[¶ 10] Abeyta contends that because several sections of the restitution statutes reference civil proceedings, the plain language indicates a legislative intent that these statutes are to be governed by the same civil action rules applicable to tort damages. He argues that the legislature's intent that the restitution statutes are to be governed by civil action rules means that a crime victim-like a tort victim-cannot pursue a judgment after accepting insurance payments and signing a release. From this logic, he then concludes that the legislature did not intend that a criminal defendant should pay restitution to a victim after the victim accepts an insurance settlement and executes a release. The State contends that the statutes plainly do not allow the settlement of civil liability to operate as satisfaction of a restitution order.

[¶ 11] Section 7–9–102 requires that the trial court order a defendant to pay restitution to each victim unless the court specifically finds that the defendant has no ability to pay and no reasonable probability that he will have an ability to pay. Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001). Restitution is defined as full or partial payment of pecuniary damage to a victim. Wyo. Stat. Ann. § 7–9–101(iv) (LexisNexis 2001). The statute defines pecuniary damage to mean:

all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, including damages for wrongful death. It does not include punitive damages and damages for pain, suffering, mental anguish and loss of consortium[.]

Wyo. Stat. Ann. § 7–9–101(iii) (LexisNexis 2001).

[¶ 12] In 2000, § 7–9–103 was amended by adding the following provisions:

(d) Any order for restitution under this chapter constitutes a judgment by operation of law on the date it is entered. To satisfy the judgment, the clerk, upon request of the victim or the district attorney, may issue execution in the same manner as in a civil action.

(e) The court's determination of the amount of restitution owed under this section is not admissible as evidence in any civil action.

(f) The defendant shall be given credit against his restitution obligation for payments made to the victim by the defendant's insurer for injuries arising out of the same facts or event.

2000 Wyo. Sess. Laws, *supra.*

[¶ 13] A defendant's failure to comply with the plan of restitution is a violation of the conditions of probation or subject to civil or criminal contempt proceedings. Wyo. Stat. Ann. § 7–9–109 (LexisNexis 1999) (amended 2000). Any restitution payment by the defendant to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event. Wyo. Stat. Ann. § 7–9–110(a) (LexisNexis 2001). That restitution was required or made shall not be admissible as evidence in a civil action unless offered by the defendant. Wyo. Stat. Ann. § 7–9–110(b) (LexisNexis 2001). A civil action is the sole and exclusive remedy of any victim who is not satisfied with the restitution plan approved or modified by the court. Wyo. Stat. Ann. § 7–9–111 (LexisNexis 1999) (amended 2000). Finally, a restitution order for long-term physical health care is a civil judgment against the defendant and may be enforced by any means provided for enforcing other restitution orders and civil judgments. Wyo. Stat. Ann. § 7–9–114(b) (LexisNexis 2001).

[¶ 14] As the State contends, nowhere in the plain language of the 1999 statutes or the 2000 amendments is there

any support for Abeyta's position. Plainly, however, the statutes do provide that, as a condition of probation, Abeyta was permitted to pay restitution to avoid a prison sentence for aggravated vehicular homicide. Generally, a state criminal justice system that imposes restitution during sentencing as a condition of probation and as part of the judgment of conviction is considered a penal sanction rather than civil in nature. *See Kelly v. Robinson*, 479 U.S. 36, 48–50 & n. 10, 107 S.Ct. 353, 360–61 & n. 10, 93 L.Ed.2d 216 (1986); *State v. Applegate*, 266 Kan. 1072, 976 P.2d 936, 938 (1999); *People v. Maxich*, 971 P.2d 268, 269–70 (Colo.App.1998); *State v. Iniguez*, 169 Ariz. 533, 821 P.2d 194, 196–97 (App.1991). As *Kelly* stated:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. As the Bankruptcy Judge who decided this case noted in [*In re*] *Pellegrino* [42 B.R. 129 (1984)]: "Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose."

*Kelly*, 479 U.S. at 52, 107 S.Ct. at 362 (citations omitted).

[¶ 15] We have identified the four purposes which the imposition of a criminal sentence serves. Those are: (1) rehabilitation; (2) punishment (specific deterrence and retribution); (3) example to others (general deterrence); and (4) removal from society (protection of the public). *Kavanaugh v. State*, 769 P.2d 908, 915–16 (Wyo.1989);

*Wright v. State*, 670 P.2d 1090, 1093 (Wyo. 1983), *reh. denied*, 707 P.2d 153 (1985). We hold that restitution imposed by trial courts under these statutes is a criminal penalty meant to have deterrent and rehabilitative effects. Where restitution is imposed as part of a criminal sentence, it is not a debt between the defendant and the victim, and agreements between those parties have no effect on a sentencing court's order of restitution except to the extent that the statute requires offset. *Iniguez*, 821 P.2d at 196–97.

[¶ 16] Abeyta's position would require that a private settlement with a victim would extinguish a restitution order without endorsement by the court and State. Uniformly, courts hold that a civil settlement or release does not absolve the defendant of criminal restitution. *State v. DeAngelis*, 329 N.J.Super. 178, 747 A.2d 289, 294 (2000). We hold that private parties cannot simply agree to waive the application of a criminal statute. We do not see any legislative intent to tolerate privately negotiated end runs around the criminal justice system, and we, therefore, reject Abeyta's claim that the district court was required to allow the civil liability settlement to satisfy its restitution order. Affirmed.