2005 WY 55

**James Thomas WHITTEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 04–177.

Supreme Court of Wyoming.

May 2, 2005.

Representing Appellant: Appellant, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶1] James Thomas Whitten challenges the district court's order denying his motion to correct an illegal sentence. We affirm.

## ISSUE

[¶2] Mr. Whitten sets forth the following issue on appeal with which the State substantially agrees:

> Did the district court judge [err] and abuse his discretion when he denied appellant's motion to correct an illegal sentence, and when he modified his original order for restitution?

## FACTS

[¶3] Mr. Whitten pled guilty to one count of first degree arson and one count of third degree arson. He was sentenced on January 25, 2002, to concurrent prison terms and was ordered to pay $93,966.02 in restitution to State Farm Insurance Company (State Farm). The district court also ordered payment to the Wyoming Crime Victims' Compensation Fund, imposed a court automation fee, and ordered Mr. Whitten to pay public defender fees. He did not appeal the judgment and sentence. On May 12, 2004, Mr. Whitten filed a Motion to Correct an Illegal Sentence pursuant to W.R.Cr.P. 35(a). In his motion, Mr. Whitten challenged the restitution ordered by the court. Mr. Whitten alleged that the restitution order was illegal because the district court: (a) had not advised him of the possibility of restitution; (b) did not fix a reasonable amount of restitution; and (c) failed to make a finding regarding his ability to pay restitution. Mr. Whitten did not challenge any other aspect of his sentence.

[¶4] On May 24, 2004, the district court entered its Order on Motion to Correct Illegal Sentence. The district court denied the motion. The court did, however, modify the sentencing order and directed that the $93,966.02 in restitution be paid to the homeowner victim, rather than State Farm.

[¶5] We will set forth additional facts as necessary in our discussion of the errors asserted by Mr. Whitten.

## STANDARD OF REVIEW

[¶6] W.R.Cr.P. 35(a) governs motions to correct an illegal sentence. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Martinez v. State*, 2002 WY 10, ¶9, 39 P.3d 394, ¶9 (Wyo.2002) (quoting *Duran v. State*, 949 P.2d 885, 887 (Wyo.1997)). We employ an abuse of discretion standard when evaluating a trial court's denial of a motion to correct an illegal sentence. *Martinez*, ¶7. The exercise of discretion in the context of a motion to correct an illegal sentence is limited to a determination by the trial court as to whether the sentence was legal or illegal. *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000); *Ramirez v. State*, 800 P.2d 503, 504 (Wyo.1990). A challenge to the authority of a trial court to make a particular award of restitution is reviewed *de novo*. *Merkison v. State*, 996 P.2d 1138, 1141 (Wyo.2000). Whether the district court adequately advised Mr. Whitten of the consequences of his plea is a question of law we review *de novo*. *Keller v. State*, 723 P.2d 1244, 1246–47 (Wyo.1986); *WERCS v. Capshaw*, 2004 WY 86, ¶14, 94 P.3d 421, ¶14 (Wyo.2004); *U.S. v. Gigot*, 147 F.3d 1193, 1197 (10th Cir.1998).

## DISCUSSION

[¶7] Mr. Whitten alleges several errors with respect to the district court's restitution

order. He alleges that he was not properly advised of the amount of restitution prior to entry of his guilty plea. Mr. Whitten contends that the restitution order was illegal because the district court failed to make a specific finding that he had the ability to pay restitution. Additionally, Mr. Whitten claims that the district court abused its discretion in modifying the restitution order to require payment to the homeowner rather than the insurer.

### Advisement of consequences.

 [¶ 8] Mr. Whitten contends that the restitution order is illegal because the district court failed to advise him, prior to his guilty plea, of the maximum amount of restitution that could be imposed by the court. W.R.Cr.P. 11(b) provides in pertinent part:

(b) *Advice to Defendant.* Except for forfeitures on citations (Rule 3.1) and pleas entered under Rule 43(c)(2), before accepting a plea of guilty or nolo contendere to a felony or to a misdemeanor when the defendant is not represented by counsel, the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law and other sanctions which could attend a conviction including, when applicable, the general nature of any mandatory assessments (such as the surcharge for the Crime Victim Compensa-

tion Account), discretionary assessments (costs, attorney fees, restitution, *etc.*) and, in controlled substance offenses, the potential loss of entitlement to federal benefits. However:

(A) Disclosure of specific dollar amounts is not required;

(B) Failure to advise of assessments or possible entitlement forfeitures shall not invalidate a guilty plea, but assessments, the general nature of which were not disclosed to the defendant, may not be imposed upon the defendant unless the defendant is afforded an opportunity to withdraw the guilty plea; and

(C) If assessments or forfeitures are imposed without proper disclosure a request for relief shall be addressed to the trial court under Rule 35 before an appeal may be taken on that issue.

The purpose of the rule is to allow the judge to determine if the defendant entered the plea voluntarily and with an understanding of the consequences of his guilty plea. Restitution is a possible consequence of a guilty plea for which proper advisement must be given. *Keller,* 723 P.2d at 1246.

 [¶ 9] Prior to acceptance of a guilty plea, the trial court must inform defendant of the court's power to order restitution. *Keller,* 723 P.2d at 1247. However, the "exact amount or upper limit of restitution need not be specified at the time of the plea." *Id.; see also* W.R.Cr.P. 11(b)(1)(A). The exact amount of restitution and the proper victim entitled to receive restitution must be specified at the time of sentencing, not when the plea is accepted. *Meerscheidt v. State,* 931 P.2d 220, 227 (Wyo.1997). See also Wyo. Stat. Ann. § 7–9–103 (LexisNexis 2001).[1]

---

1. Wyo. Stat. Ann. § 7–9–103, in applicable part, states:

(a) As part of the sentencing process including deferred prosecutions under W.S. 7–13–301, in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim.

(b) In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include

its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301. In determining the amount of restitution, the court shall consider and include as a special finding, each victim's reasonably foreseeable actual pecuniary damage that will result in the future as a result of the defendant's criminal activity. A long-term physical health care restitution order shall be entered as provided in W.S. 7–9–113 through 7–9–115.

[¶ 10] Prior to entry of the guilty plea, the district court provided a detailed advisement of rights to Mr. Whitten. The district court specifically addressed the potential consequences which Mr. Whitten faced if he pled guilty. The district court asked Mr. Whitten on several occasions if he understood his rights and the consequences of his guilty plea. Mr. Whitten consistently indicated his understanding. He declined all opportunities to ask questions concerning his rights or the consequences of his plea.

[¶ 11] With regard to restitution, the district court specifically advised Mr. Whitten that: "There are money losses here, obviously, and you may well be required to pay those as restitution." Mr. Whitten confirmed that he understood the advisement and had no questions. The district court properly advised Mr. Whitten prior to acceptance of his guilty plea of his potential restitution obligation.

### Ability to pay.

[¶ 12] Mr. Whitten also contends that the district court erred by failing to make a specific finding that he had an ability to pay restitution. Such a finding is not required.

[¶ 13] A sentencing court is under no obligation to make a specific finding that there is an ability to pay restitution. The trial court must order payment of restitution unless it specifically finds that the defendant

is unable to pay. *Nixon v. State,* 4 P.3d 864, 871 (Wyo.2000); Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001)[2]; *Jones v. State,* 2002 WY 35, ¶ 26, 41 P.3d 1247, ¶ 26 (Wyo.2002). If a court determines that restitution is not appropriate, it must provide support for such decision and enter specific findings in the record supporting its determination that a defendant is unable to pay restitution. Wyo. Stat. Ann. § 7–9–103(c) (LexisNexis 2001)[3].

[¶ 14] Mr. Whitten also contends that the sentencing order is illegal because it fails to comply with W.R.Cr.P. 32(c)(2)(H) which states that a sentence shall "[i]nclude a finding as to whether the defendant is able to make restitution and if restitution is ordered fix the reasonable amount owed to each victim resulting from the defendant's criminal acts." The sentencing order entered states the amount of restitution but does not include a finding as to Mr. Whitten's ability to pay.

[¶ 15] Mr. Whitten provides no legal authority to support his contention that a sentencing order's omission of a finding regarding ability to pay requires reversal of a restitution order.[4] As we previously discussed, the district court did not make a specific finding of inability to pay restitution as required by Wyo. Stat. Ann § 7–9–103(c). "[A] silent record, that is, one containing neither a finding of ability to pay nor a finding of inability to pay, supports an order

2. Wyo. Stat. Ann. § 7–9–102 provides:
 In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

3. Wyo. Stat. Ann. § 7–9–103(c) provides:
 (c) The court shall order the defendant to pay all or part of the restitution claimed or shall state on the record specific reasons why an order for restitution was not entered. If the court determines that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay in the future, the court shall enter specific findings in the record supporting its determination.

4. As noted by Mr. Whitten, W.R.Cr.P. 32(c)(2)(H) seemingly requires a district court to include a finding in its order as to whether Mr. Whitten was able to pay restitution. Such a requirement appears to be inconsistent with the plain language of Wyo. Stat. Ann. §§ 7–9–102 and 7–9–103. Rule 32(c)(2)(H), in its present version, has been in effect since 1993. At that time, § 7–9–103(a) (Lexis 1999) indicated that a finding of a defendant's ability to pay was a condition precedent to the ordering of restitution. The ability to pay language of Rule 32(c)(2)(H) served to effectuate the requirements of that statutory provision. However, § 7–9–103 was amended in 2000 to conform with § 7–9–102, which, as previously discussed, mandates an order of restitution in the absence of a finding of inability to pay. Wyo. Stat. Ann. § 7–9–103(b) and (c) (LexisNexis 2000 Supp.). Neither the plain language of § 7–9–102 nor § 7–9–103 has been superseded by Rule 32(c)(2)(H). See W.R.Cr.P. 61.

requiring the payment of restitution." *Jones,* ¶ 26.

[¶ 16] Additionally, substantial evidence exists in the record to support a finding of an ability to pay restitution. Mr. Whitten claimed to own a mobile home. His employment history was relatively stable. He received a $30,000 per year salary at his last employment position in 2001. Mr. Whitten expressed his desire and prospective ability to make restitution, "I realize that I have cost the [c]ounty a[g]reat deal of money & I have always been able to make decent money by God[']s blessings in the past & know that I will be able [to] continue that in the long run. When I am released from whatever situation I am headed I will pay back every cent that I have cost everyone that has been injured by my actions."

[¶ 17] Any error that exists because of the failure to include a specific finding of an ability to pay in the sentencing order is harmless. The district court did not abuse its discretion in denying the Motion to Correct Illegal Sentence for failure to comply with W.R.Cr.P. 32(c)(2)(H).

### *Modification of sentencing order.*

[¶ 18] In the original sentence, the district court ordered restitution payment of $93,966.02 to State Farm. State Farm insured one of the homes damaged by Mr. Whitten. In its Order on Motion to Correct Illegal Sentence, the district court mandated that the restitution be paid to the homeowner, rather than State Farm. Mr. Whitten challenges the modification on the basis that the homeowner never requested reimbursement for his losses and that the modification will result in a double recovery for the homeowner. Mr. Whitten also contests the amount of restitution.

[¶ 19] We will not consider Mr. Whitten's challenge to the amount of restitution because the issue is not properly before this Court. In this appeal Mr. Whitten asserts, for the first time, that the value of the property was $70,000 rather than the $93,966.02 amount established by the court. Mr. Whitten made no such claim during his sentencing or in his Motion to Correct Illegal

Sentence. Issues raised on appeal will not be considered unless they are jurisdictional or issues of such fundamental nature that they must be considered. *Amoco Production Co. v. Dept. of Revenue,* 2004 WY 89, ¶ 53, 94 P.3d 430, ¶ 53 (Wyo.2004). The amount of restitution is not a jurisdictional or fundamental issue which requires our review. *Gliszczynski v. State of Florida,* 654 So.2d 579, 580 (Fla.App. 5 Dist.1995).

[¶ 20] As previously discussed, Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001) requires sentencing courts to order defendants to pay restitution to the victims of their crimes. Pursuant to Wyo. Stat. Ann. § 7–9–101(a)(v) (LexisNexis 2001):

> (v) "Victim" means a person who has suffered pecuniary damage as a result of a defendant's criminal activities. An insurer which paid any part of a victim's pecuniary damages shall be regarded as the victim only if the insurer has no right of subrogation and the insured has no duty to pay the proceeds of restitution to the insurer.

State Farm is a victim only if it has no rights of subrogation and the insured has no duty to reimburse the insurer from the proceeds of restitution.

[¶ 21] The district court found that there was no evidence in the record regarding subrogation rights of State Farm. Because the record lacked such evidence, the district court was required to order that restitution be paid to the homeowner. *Meerscheidt,* 931 P.2d at 227.

[¶ 22] Whether such restitution might result in a double recovery or windfall to the homeowner victim at the expense of the insurer is of no consequence. "We do not need to ponder whether the victims' insurance carriers will be able to protect themselves adequately in this regard . . ." *Williams v. State,* 949 P.2d 878, 880 (Wyo.1997). We conclude that the district court properly modified its sentencing order to require that restitution be paid to the homeowner.

### *Miscellaneous assessments.*

[¶ 23] Mr. Whitten challenges that portion of the original sentencing order relating to the imposition of assessments for the

court automation fee, public defender fees and the Wyoming Victims' Compensation Fund. Mr. Whitten contends that such assessments were illegal because he was not advised of the possibility or specific amount of such assessments, prior to entry of his guilty plea as required by W.R.Cr.P. 11(b)(1).

[¶ 24] Mr. Whitten raises this issue for the first time in this appeal. He did not object to the imposition of such assessments at his sentencing hearing, nor did he assert the issue in his Motion to Correct Illegal Sentence. Such issues are not properly before this Court and we will not consider them.

> We have stated that " '[w]e strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature.' " *Hronek v. St. Joseph's Children's Home*, 866 P.2d 1305, 1309 (Wyo. 1994) (quoting *Bredthauer v. TSP*, 864 P.2d 442, 446–47 (Wyo.1993) and *Oatts v. Jorgenson*, 821 P.2d 108, 111 (Wyo.1991)). " 'We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." ' " *Hronek*, 866 P.2d at 1309 (quoting *Bredthauer*, 864 P.2d at 446–47 and *Oatts*, 821 P.2d at 111).

*Amoco Production Co. v. Dept. of Revenue*, 2004 WY 89, ¶ 53, 94 P.3d 430, ¶ 53 (Wyo. 2004).

[¶ 25] Additionally, we note that Rule 11(b)(1)(C) precludes the consideration of this issue:

> "If assessments or forfeitures are imposed without proper disclosure a request for relief shall be addressed to the trial court under Rule 35 before an appeal may be taken on that issue."

[¶ 26] Mr. Whitten makes a misguided attempt to avoid the effect of his failure to timely assert the issue by labeling the contested assessments as "restitution." Restitution is defined by Wyo. Stat. Ann. § 7-9-101(a)(iv) (LexisNexis 2001) as "full or partial payment of pecuniary damage to a victim."

None of the challenged assessments fall within the definition of restitution. They are not pecuniary damages as defined by Wyo. Stat. Ann. § 7-9-101(a)(iii) (LexisNexis 2001), which are paid to the victim of a criminal act.

[¶ 27] For the reasons stated above, the decision of the district court is affirmed.