# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 86

APRIL TERM, A.D. 2020

June 25, 2020

CORY J. HUDSON,

Appellant
(Defendant),

v.

S-19-0274

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*

*Office of the Public Defender: Diane M. Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.*

*Representing Appellee:*

*Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Samuel L. Williams, Assistant Attorney General.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Cory Hudson appeals the district court's award of restitution to a victim whose insurer paid for property Mr. Hudson destroyed.  We affirm.

### *ISSUE*

[¶2]    Did the district court err when it awarded restitution to a victim whose insurance paid for the property destroyed by Mr. Hudson?

### *FACTS*

[¶3]    Mr. Hudson stole Jerry Goodman's pickup truck and trailer and embarked on a spree which resulted in charges against him for fleeing, destroying property, stealing, possession of methamphetamine, and possession of marijuana.   The State and Mr. Hudson entered into a plea agreement, under which Mr. Hudson agreed to plead guilty to one count of felony theft, and to pay restitution for the damaged property regardless of whether the property related to a dismissed charge.   In return, the State agreed to dismiss the other charges.   Mr. Hudson reserved the right to argue that the district court could not order restitution to Mr. Goodman because his insurance company paid him for the vehicle's full value and took title to the truck.   The district court sentenced Mr. Hudson to 18 to 54 months in prison, with credit for time served.   After a separate restitution hearing, the district court ordered Mr. Hudson to pay restitution to three victims, including $16,998 to Mr. Goodman.   Mr. Hudson appeals the order of restitution to Mr. Goodman.

### *STANDARD OF REVIEW*

[¶4]    This Court reviews challenges to the factual basis of a restitution order "for procedural error or clear abuse of discretion." *Freeman v. State*, 2019 WY 86, ¶ 9, 448 P.3d 194, 196 (Wyo. 2019) (citing *O'Halloran v. State*, 2014 WY 95, ¶ 11, 331 P.3d 121, 125 (Wyo. 2014)).   We review challenges to a district court's authority to order restitution de novo because it is a question of statutory interpretation and "a court has only that authority to act which is conferred by the subject statute." *Freeman*, 2019 WY 86, ¶ 9, 448 P.3d at 196.

### *DISCUSSION*

***The district court did not err when it awarded restitution to a victim whose insurance had paid for the destroyed property***

[¶5]    Mr. Hudson argues the district court erred in ordering him to pay $16,998 in restitution to Mr. Goodman.   Mr. Hudson asserts that, because Mr. Goodman's insurance

company paid him the full value of the truck, he did not suffer pecuniary damage and is therefore not a victim under Wyo. Stat. Ann. § 7-9-101. Mr. Hudson presented no evidence about the presence or absence of a subrogation agreement; however, he urges this Court to recognize the principle of equitable subrogation in the context of criminal restitution.

[¶6] "In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity." Wyo. Stat. Ann. § 7-9-103(b) (LexisNexis 2019). "Victim" is defined as:

> a person who has suffered pecuniary damage as a result of a defendant's criminal activities. An insurer which paid any part of a victim's pecuniary damages shall be regarded as the victim only if the insurer has no right of subrogation and the insured has no duty to pay the proceeds of restitution to the insurer.

Wyo. Stat. Ann. § 7-9-101(a)(v). The statute defines pecuniary damage as: "all damages which a victim could recover against the defendant in a civil action arising out of the same facts . . . . It does not include punitive damages and damages for pain, suffering, mental anguish and loss of consortium." Wyo. Stat. Ann. § 7-9-101(a)(iii). Mr. Hudson contends Mr. Goodman is not a victim under the statute. He reasons that Mr. Goodman could not recover in a civil lawsuit because the insurance company stepped into his shoes and obtained the legal right to sue through equitable subrogation. This argument disregards controlling precedent.

[¶7] First, the owner of the damaged property is the victim unless the insurer who has covered the loss has no right of subrogation. Wyo. Stat. Ann. § 7-9-101(a)(v). Just as in *Meerscheidt v. State* and *Whitten v. State*, Mr. Hudson has offered no evidence that Mr. Goodman's insurer has no subrogation right. In *Meerscheidt*, the district court ordered the defendants to pay restitution to the victims' insurance companies because the companies had paid the victims' claims. 931 P.2d 220, 226 (Wyo. 1997). On appeal, Mr. Meerscheidt argued that the district court erred by awarding restitution to the insurance companies because it did not make any findings about the companies' subrogation rights. *Id.* at 227. We found no evidence of subrogation in the record and reversed the district court's award of restitution to the insurance companies. *Id.* We noted, "[o]ur ruling does not reduce the amount which the appellants are required to pay in restitution because, whether they pay the restitution to the true victims or to the insurance companies, they are still responsible for the actual pecuniary damage caused by their criminal activities." *Id.*

[¶8] In *Whitten*, the district court originally ordered restitution to the victim's insurance

company. 2005 WY 55, ¶ 3, 110 P.3d 892, 894 (Wyo. 2005). Mr. Whitten filed a motion to correct an illegal sentence, and the district court modified its order and required Mr. Whitten to pay restitution to the victim instead. *Id*. at ¶ 4, 110 P.3d at 894. On appeal, Mr. Whitten argued that the district court's modification would result in a double recovery. *Id*. at ¶ 18, 110 P.3d at 897. We held that the district court properly modified the restitution order because the record contained no evidence about subrogation rights and, "[b]ecause the record lacked such evidence, the district court was required to order that restitution be paid to the homeowner." *Id*. at ¶ 21, 110 P.3d at 897 (citing *Meerscheidt*, 931 P.2d at 227).

[¶9] Both parties agree that Mr. Hudson caused $16,998 worth of damage to Mr. Goodman's truck and that his insurance company paid him for that damage. But because the record contains no evidence of a subrogation right, or the lack thereof, the district court properly required Mr. Hudson to pay restitution to the property owner. *Whitten*, 2005 WY 55, ¶ 21, 110 P.3d at 897; *Meerscheidt*, 931 P.2d at 227.

[¶10] Mr. Hudson's argument that we should apply equitable subrogation to this case does not advance his cause—if a right of subrogation exists, the district court is required to award restitution to the owner of the property—Mr. Goodman. His argument that Mr. Goodman cannot be a victim now that his insurance company has made him whole is likewise unavailing. Without evidence of the absence of a subrogation agreement, the insurance company does not qualify as a "victim" that could be awarded restitution. Under Mr. Hudson's view, he would owe no one for destroying the $16,998 pickup truck—an absurd result. "Whether such restitution might result in a double recovery or windfall to the homeowner victim at the expense of the insurer is of no consequence." *Whitten*, 2005 WY 55, ¶ 22, 110 P.3d at 897. "[R]estitution imposed by trial courts under these statutes is a criminal penalty meant to have deterrent and rehabilitative effects." *Abeyta v. State*, 2002 WY 44, ¶ 15, 42 P.3d 1009, 1013 (Wyo. 2002).

[¶11] Mr. Hudson further argues the district court exceeded its authority because Mr. Goodman never requested restitution.[1] The Wyoming legislature established a clear procedure for collecting restitution. *Penner v. State*, 2003 WY 143, ¶ 8, 78 P.3d 1045, 1048 (Wyo. 2003). First, "[a]s part of the sentencing process . . . the prosecuting attorney shall present to the court any claim for restitution submitted by any victim." Wyo. Stat. Ann. § 7-9-103(a). Then, "the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity." Wyo. Stat. Ann. § 7-9-103(b).

[¶12] All parties agreed that Mr. Hudson caused $16,998 worth of damage to

---

[1] The State asserts that, to the extent Mr. Hudson challenges the amount owed, he has waived that argument. We do not perceive that he is challenging the amount, and therefore do not address waiver.

Mr. Goodman's truck, and that information is also contained in the Presentence Report. *See Stowe v. State*, 10 P.3d 551, 553 (Wyo. 2000) ("[A] victim impact statement, such as that incorporated into the Presentence Report . . . is credible evidence upon which a trial court may impose a restitution amount."). At the sentencing hearing, the prosecutor expressly requested restitution to Mr. Goodman. In *Whitten*, Mr. Whitten challenged the district court's modification, in part, because the homeowner did not request reimbursement. 2005 WY 55, ¶ 18, 110 P.3d at 897. Despite the lack of request for reimbursement, we found the modification proper. *Id.* at ¶ 22, 110 P.3d at 897. Likewise, we conclude the district court properly ordered restitution to Mr. Goodman.

[¶13] Affirmed.