2005 WY 123

**Richard Alan JANSSEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 04–87.

Supreme Court of Wyoming.

Sept. 27, 2005.

**1008**

---

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Lucas E. Buckley, Student Intern.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Mr. Janssen was convicted of possession of a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1031 (LexisNexis 2001) and was sentenced to a term of 48–60 months in the Wyoming State Penitentiary. He appeals that judgment and sentence asserting that the district court considered an improper statement contained in the presentence investigation report, and that he was denied counsel at his preliminary hearing and was deprived of his right to a speedy appeal. We affirm.

### ISSUES

[¶ 2] Mr. Janssen presents the following issues:

1. Whether [he] was denied a fair sentencing when probation and parole included statements in the presentence investigation which were not verified facts, nor facts found by a jury, and the court relied on those statements during sentencing.

2. Whether [he] was denied his right to be represented by effective assistance of counsel at all critical stages of the proceedings.

3. Whether [he] was denied his right to a speedy appeal when the court refused to allow trial counsel to withdraw and refused to appoint counsel for the appeal and when the transcripts were not timely filed.

### FACTS

[¶ 3] Mr. Janssen was arrested on September 28, 2001, for possession of a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1031 (LexisNexis 2001). On October 4, 2001, Mr. Janssen formally requested appointment of counsel by filing an affidavit of indigency. On October 5, 2001, the circuit

court appointed the state public defender as counsel for Mr. Janssen. On October 9, 2001, an assistant public defender entered a written appearance on behalf of Mr. Janssen.

[¶ 4] A preliminary hearing was scheduled for October 4, 2001, and Mr. Janssen was identified as a *pro se* defendant on the court's docket listing for that day. However, the order binding him over to district court reflected that the preliminary hearing was held on October 9, 2001, and that he was represented at that hearing by the public defender's office. Mr. Janssen subsequently retained private counsel and was represented by such counsel through trial, sentencing and the initial stages of the appeal.

[¶ 5] A jury trial was held on April 15, 2002, and Mr. Janssen was found guilty. The district court ordered a presentence investigation report to be prepared prior to sentencing. The report reflected that the investigating agent thought that the defendant was "choosing to violate the law." At the sentencing hearing, Mr. Janssen sought probation. He did not take exception to, object to, or offer any amendments to any statements contained within the presentence investigation report. However, the district court determined that probation was not appropriate and sentenced Mr. Janssen to the penitentiary. The judgment and sentence was entered on June 25, 2002.

[¶ 6] On July 3, 2002, Mr. Janssen filed a motion to proceed *in forma pauperis* on appeal and requested appointment of counsel to represent him. No affidavit accompanied that motion, and it was denied on July 15, 2002. Mr. Janssen, through private counsel, filed a notice of appeal on July 24, 2002. The notice was accompanied by a certification pursuant to W.R.A.P. 2.05 and a designation of the record on appeal, which included all transcripts of proceedings. On July 25, 2002, the public defender's office forwarded an affidavit *in forma pauperis,* signed by Mr. Janssen, to the district court for filing.¹ A second order seeking *in forma pauperis* status and appointment of the public defender's office was presented to the district court. The order was rejected on July 29, 2002, with instructions to request a hearing. On Sep-

tember 5, 2002, the court reporter informed Mr. Janssen's counsel of record that no request had been made for the production of transcripts and advised him how to properly obtain the transcripts.

[¶ 7] On January 31, 2003, Mr. Janssen's counsel of record filed a motion to withdraw. The order was rejected on February 3, 2003, because the motion was not in compliance with U.R.D.C. 102(c). On June 11, 2003, another motion to withdraw was filed, signed by another attorney on behalf of counsel of record. Finding that original counsel was deceased, the district court entered an order granting the motion to withdraw on June 18, 2003.

[¶ 8] On July 1, 2003, the district court sent a letter to the public defender's office explaining that Mr. Janssen must file a motion and affidavit requesting appointment of counsel and that a hearing would then be held pursuant to Wyo. Stat. Ann. § 7-6-109(d). In that letter, the district court also expressed concern that proper arrangements had not been made to obtain transcripts in accordance with W.R.A.P. 3.02.

[¶ 9] On July 2, 2003, Mr. Janssen filed a *pro se* motion to proceed *in forma pauperis.* On July 7, 2003, Mr. Janssen filed another affidavit of indigency requesting leave to proceed *in forma pauperis* and another *pro se* motion requesting appointment of counsel.

[¶ 10] A hearing was held on August 5, 2003. Mr. Janssen's motion was granted on August 13, 2003. Transcripts of all but one motion hearing were filed by the end of October, 2003. The final transcript was not filed until March 22, 2004. This appeal was docketed on April 28, 2004.

## *DISCUSSION*

### *Sentencing*

■ [¶ 11] Mr. Janssen claims that the district court improperly relied upon a statement in the presentence investigation report that he was "choosing to violate the law." Mr. Janssen asserts that this comment should not have appeared in the report. He

---

1. The affidavit was filled out in pencil, and was    signed but not acknowledged.

claims that the district court relied upon this comment in determining an appropriate sentence. He asserts that this reliance violated his due process rights.

■■■ [¶ 12] We review claims of this nature pursuant to the following standard:

Sentencing decisions are normally within the discretion of the trial court. *Hamill v. State,* 948 P.2d 1356, 1358 (Wyo.1997). "A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Smith v. State,* 941 P.2d 749, 750 (Wyo. 1997). "An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial." *Candelaria v. State,* 895 P.2d 434, 439–40 (Wyo.1995) (citations omitted); *see also Robinson v. Hamblin,* 914 P.2d 152, 155 (Wyo.1996).

*Trusky v. State,* 7 P.3d 5, 13 (Wyo.2000).

[¶ 13] Mr. Janssen relies upon the principle that, in sentencing, due process provides a right to be sentenced only on accurate information. *Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo.2004). He claims that the district court's reliance upon the "choosing to violate the law" comment was error which contravened this right. We disagree.

■ [¶ 14] Mr. Janssen's failure to object to the presentence investigation report at the sentencing hearing confines our review to a search for plain error. *Hornecker v. State,* 977 P.2d 1289, 1291 (Wyo.1999). Plain error occurs when the record shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right. *Id.; Manes,* ¶ 9.

[¶ 15] In an attempt to establish error, Mr. Janssen contends that the record clearly shows that the district court relied upon the agent's opinion in rendering his sentence. He points to statements made by the district court:

... The Court has, in reviewing the Presentence Investigation Report and hearing arguments today, considered probation and further treatment. The WYS-TAR program is an excellent program, and there are other programs that I think might do very well in Mr. Janssen's case. But I have to agree that based upon the defendant's prior criminal record, his prior difficulties with successfully completing probation on at least a couple of occasions, and the fact that counseling and treatment have been attempted before, has basically disqualified him as being a candidate for probation.

I note also that the Presentence Investigation recommends a term of imprisonment as opposed to probation. The prior record speaks for itself, and it's not good. And it doesn't appear that Mr. Janssen's been getting the message of the need to comply with the law relative to possessing and using controlled substances. I believe the Court has no other choice but to attempt to get his attention by a prison sentence.

[¶ 16] We fail to discern support for Mr. Janssen's claim of error in these comments. It is apparent that the district court's observations related primarily to Mr. Janssen's criminal history. There was no dispute as to the extent or content of that history. As the district court noted, Mr. Janssen's criminal history "speaks for itself." In 1997, Mr. Janssen was placed on supervised probation for six months but failed to complete that term before being arrested on another possession charge. His probation was revoked and he spent five months in jail. Later in 1997, Mr. Janssen was convicted of his third offense of possession of a controlled substance and received two years probation. Mr. Janssen's probation was revoked in 1999, in part because he again was found to be in illegal possession of a controlled substance, resulting in yet another charge. He was sent to the penitentiary for a term of eighteen to twenty-four months. Shortly after his release, he was charged with the offense at issue in this case. Mr. Janssen's prior convictions of illegal possession of controlled substances subjected him to the felony en-

hancement found in Wyo. Stat. Ann. § 35—7—1031(c)(i) (LexisNexis 2001), allowing a prison term of up to five years.

[¶ 17] When imposing sentence, the trial court has broad discretion to consider a wide variety of factors about the defendant and his crimes. *Manes*, ¶ 9. Evidence of prior criminal activity is highly relevant to the sentencing decision and may be considered by the sentencing court. *Mehring v. State*, 860 P.2d 1101, 1117 (Wyo.1993). A trial court may consider information contained in a presentence report in the exercise of sentencing discretion, subject only to the rights of the convicted individual to deny, dispute or disprove it. *Mehring*, 860 P.2d at 1115.

[¶ 18] Here, the "choosing to violate the law" comment merely summarized what was apparent elsewhere in the report and provided the rationale for the agent's sentencing recommendation. The district court was not bound to accept the opinion or the recommendation of the agent. *Id.* The district court merely arrived at the same conclusion—a conclusion which was more than adequately supported by Mr. Janssen's uncontested criminal history. The record does not support Mr. Janssen's claim that the district court relied upon the "choosing to violate the law" comment in the report.

[¶ 19] Additionally, Mr. Janssen fails to establish that reliance on such comment constitutes a violation of a clear and unequivocal rule of law. First, he summarily asserts that the agent's comment is not authorized by W.R.Cr.P. 32.[2] Mr. Janssen claims this information is unsuitable because it is "evaluative." W.R.Cr.P. 32 does not require that an evaluation or a recommendation be included in a presentence investigation report. However, we have previously accepted a sentencing recommendation as a common part of such a report. *Mehring*, 860 P.2d at 1115.[3] Mr. Janssen recognizes our holding in *Mehring* but does not explain how a comment that is evaluative is contrary to that decision. His position is not supported by cogent argument, or citation to pertinent authority, so we need not address it further. *Hernandez v. State*, 2001 WY 70, ¶ 10, 28 P.3d 17, 20 (Wyo.2001).

[¶ 20] We also find no merit in Mr. Janssen's claim that his sentencing violated dictates of the United States Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He asserts that the district court violated the principles of *Apprendi* and *Blakely* because the report contained facts, not determined by the jury, which caused his sentence to be more severe. Mr. Janssen's argument fails because it is based upon a misunderstanding of these cases.

[¶ 21] In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362

---

**2.** Specifically, W.R.Cr.P.32(a)(2) provides:
The report of the presentence investigation shall contain:
(A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;
(B) Verified information stated in a nonargumentative style containing an assessment of the financial, social, psychological, and medical impact upon, and cost to, any individual against whom the offense has been committed and attaching a victim impact statement as provided in W.S. 7–21–103 if the victim chooses to make one in writing. In any event the report shall state that the victim was advised of the right to make such a statement orally at the defendant's sentencing or in writing. If the victim could not be contacted, the report shall describe the efforts made to contact the victim;
(C) Unless the court orders otherwise, information concerning the nature and extent of non-prison programs and resources available for the defendant; and
(D) Such other information as may be required by the court.

**3.** In *Mehring*, the presentence report contained an evaluation section, but Mehring's challenge to facts within it was resolved by the trial court, resulting in no prejudice to him. *Mehring*, 860 P.2d at 1115–1116.

(emphasis added). Mr. Janssen's sentence was *within* the statutory maximum of 60 months. *Apprendi* does not support his claim. The *Blakely* decision involved a determinate sentencing structure. *Blakely*, 542 U.S. at 300, 124 S.Ct. at 2535. Mr. Janssen was not sentenced pursuant to a determinate sentencing scheme, making *Blakely* inapplicable to his case. Indeed, *Blakely* recognized that indeterminate sentencing does not infringe on the province of the jury. *Id.* at 308, 124 S.Ct. at 2540. Under *Apprendi* and its progeny, the district court was free, in the exercise of its sentencing discretion, to consider factors relating to Mr. Janssen and his crimes in imposing an appropriate sentence within the statutory range. *Smith v. State*, 2005 WY 113, ¶ 37, 119 P.3d 411 (Wyo.2005).

[¶ 22] Based upon the foregoing, we find no error in the sentencing procedure utilized by the court, nor do we find any abuse of discretion by the district court regarding the sentence imposed.

### Representation at Preliminary Hearing

[¶ 23] In his second claim of error, Mr. Janssen asserts that he was denied counsel at his preliminary hearing. We must reject this claim because the record before us does not establish that Mr. Janssen was denied counsel. Additionally, even if Mr. Janssen was not represented by counsel at the preliminary hearing, he waived the right to now claim error by failing to raise the issue prior to trial.

[¶ 24] On appeal, Mr. Janssen has the burden to affirmatively establish that error occurred. *Doles v. State*, 2002 WY 146, ¶ 5, 55 P.3d 29, 31 (Wyo.2002) (citing *Gregory v. Sanders*, 635 P.2d 795, 801 (Wyo.1981)). Accordingly, with regard to this issue, Mr. Janssen must provide record support that he was denied counsel at his preliminary hearing. He has failed to do so. He requested counsel on October 4, 2001, and although there is some indication that a preliminary hearing was scheduled for that day, the record contains no transcript or tape of any

hearing held on October 4, 2001.[4] The record before us indicates that a preliminary hearing was held on October 9, 2001, and on that date, counsel from the public defender's office represented Mr. Janssen.

[¶ 25] We note that Mr. Janssen failed to raise the issue before the district court prior to trial. "[U]nless some reason is shown why counsel could not have discovered and challenged the defect before trial, it will generally be assumed that any objections to the preliminary proceedings were considered and waived, and no post-conviction remedies will be available." *Trujillo v. State*, 880 P.2d 575, 582–583 (Wyo.1994) (quoting *Blue v. United States*, 342 F.2d 894, 900–01 (D.C.Cir. 1964)). Mr. Janssen offers no explanation why this issue was not presented to the district court. As we stated recently, "[i]t is only appropriate that a defendant be required to object to alleged errors in the preliminary hearing procedures before trial when the district court has the opportunity to correct them." *Coleman v. State*, 2005 WY 69, ¶ 8, 115 P.3d 411, 413 (Wyo.2005). Failure to do so bars review. *Id.*

### Speedy Appeal

[¶ 26] Lastly, Mr. Janssen asserts that the delay in docketing his appeal has violated his right to due process. We have recognized that "an excessive delay in the resolution of an appeal ... can give rise to a cognizable claim of denial of due process." *Daniel v. State*, 2003 WY 132, ¶ 45, 78 P.3d 205, 219 (Wyo.2003). We adopted a modified version of the speedy trial test set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) for application in speedy appeal cases. *Daniel*, ¶ 45. "The four-prong test examines the length of the delay, the reason for the delay, the defendant's diligence in pursuing the right to appeal, and the prejudice to the defendant." *Id.*, ¶ 43.

[¶ 27] Admittedly, the delay in the appeal raises concern. However, a full analysis of the *Barker* factors is not necessary,

---

4. This Court can decide issues only on the basis of the record presented. *Doles*, ¶ 5 (citing *Bird v.*

*State*, 901 P.2d 1123, 1132 (Wyo.1995)).

because we find under the fourth prong of the test that Mr. Janssen has failed to demonstrate any prejudice. We evaluate prejudice to a defendant "in light of the interests that the right to a speedy disposition of an appeal is intended to protect." *Daniel,* ¶ 44. These interests include: 1) preventing oppressive incarceration pending appeal; 2) minimizing anxiety and concern of a convicted person awaiting the outcome of an appeal; and 3) limiting the possibility that the grounds for appeal or defenses in case of reversal and retrial might be impaired. *Id.*

[¶ 28] Mr. Janssen's only assertion of prejudice is that he was wrongly incarcerated, based upon the first two issues in this appeal. Our resolution, of those issues against Mr. Janssen, is conclusive that he has suffered no prejudice from the delay. "Incarceration is not 'oppressive' and thus does not support a claim of prejudice under *Barker,* if the absence of a meritorious appeal establishes that the defendant is rightfully incarcerated." *Daniel,* ¶ 49. Consequently, any delay in processing his appeal did not violate his right to due process. *Id.*

[¶ 29] Affirmed.