2006 WY 157

David Lee GOULD, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Tommy J. Kolb, Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

Nos. 05–291, 06–1.

Supreme Court of Wyoming.

Dec. 19, 2006.

Representing Appellants: Pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] David Lee Gould and Tommy J. Kolb (appellants) were convicted for committing violent felonies in Wyoming and then were transferred by the Wyoming Department of Corrections (DOC) to a detention center in Texas to serve their sentences. The appellants filed parallel motions to correct illegal sentence in the district courts where they were convicted. They also filed motions for appointment of legal counsel to assist them with their post-judgment efforts. The respective district courts denied the motions, and appellants appealed. Because

1. The failure to identify issues on appeal is just one of numerous violations of the rules of appellate procedure in the appellants' briefs. Although we recognize we have the authority under W.R.A.P. 1.03 to dismiss these appeals because of the deficiencies in their briefs, we will consider the appellants' claims.

2. Wyo. Stat. Ann. § 6–2–502(a)(ii) states:
   (a) A person is guilty of aggravated assault and battery if he:
   (i) Causes serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
   (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;
   (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another; or

their appeals involve very similar issues and arguments, they were consolidated for decision by this Court. We conclude the appellants have not established they are entitled to correction of their sentences or to appointment of counsel. Consequently, we affirm.

## ISSUES

[¶ 2] The appellants, who appear *pro se*, do not expressly set out their issues on appeal.[1] The State phrases the appellate issues as:
I. Did either district court err in denying either appellant's motion for correction of an illegal sentence?
II. Did either district court err in denying either appellant's motion for appointment of counsel?

## FACTS

### Facts Relevant to Mr. Gould

[¶ 3] In December 2000, Mr. Gould entered a home in Campbell County without authorization and demanded sexual favors from a female occupant of the home. When she refused, he severely beat her. Mr. Gould pled guilty to, and was convicted of, one count of aggravated assault and battery, in violation of Wyo. Stat. Ann. § 6–2–502(a)(ii) (LexisNexis 2005),[2] and one count of burglary, in violation of Wyo. Stat. Ann. § 6–3–301(a) and (b) (LexisNexis 2005).[3] The district court sentenced him to serve six to ten

   (iv) Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.
   (b) Aggravated assault and battery is a felony punishable by imprisonment for not more than ten (10) years.

3. Wyo. Stat. Ann. § 6–3–301 states, in relevant part:

   (a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.
   (b) Except as provided in subsection (c) of this section, burglary is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

years of imprisonment on each count and ruled he would serve the sentences consecutively. Mr. Gould filed a direct appeal of his judgment and sentence, but voluntarily dismissed the appeal before a decision was issued by this Court.

[¶ 4] In 2002, Mr. Gould filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b), asking the district court to modify his sentences to make them concurrent instead of consecutive. The district court denied his motion, and Mr. Gould did not appeal from the denial. On October 24, 2005, he filed *pro se* motions to correct illegal sentence pursuant to W.R.Cr.P. 35(a) and for appointment and assistance of counsel. The district court denied Mr. Gould's motions, and he filed this appeal.

### Facts Relevant to Mr. Kolb

[¶ 5] Mr. Kolb was convicted after a jury trial for the 1993 first degree pre-meditated murder[4] and aggravated kidnapping[5] of Christa Sallini in Sheridan County. *Kolb v. State*, 930 P.2d 1238, 1239–40 (Wyo.1996). The district court entered judgment on the jury's verdict and sentenced Mr. Kolb to serve two consecutive life sentences. *Id.* Mr. Kolb appealed to this Court and we affirmed his convictions. *Id.* In 1997, he submitted claims of ineffective assistance of trial and appellate counsel in a Petition for Post–Conviction Relief filed with the district court. Mr. Kolb's petition was denied.

[¶ 6] On October 31, 2005, nearly ten years after his direct appeal was rejected, Mr. Kolb filed *pro se* motions to correct

illegal sentence and for assistance of counsel, which paralleled Mr. Gould's motions. The district court denied both of Mr. Kolb's motions and he appealed to this Court.

### STANDARD OF REVIEW

[¶ 7] A district court has discretion in ruling on a motion to correct an illegal sentence; consequently, we review the district court's ruling for abuse of discretion. *See, Whitten v. State*, 2005 WY 55, ¶ 6, 110 P.3d 892, 894 (Wyo.2005). However, "[t]he exercise of discretion in the context of a motion to correct an illegal sentence is limited to a determination by the trial court as to whether the sentence was legal or illegal." *Id.* The determination of "whether a specific rule applies to a given set of facts is a question of law, requiring a *de novo* review." *Sweets v. State*, 2001 WY 126, ¶ 9, 36 P.3d 1130, 1132 (Wyo.2001). *See also, Lee v. State*, 2 P.3d 517, 525 (Wyo.2000).

[¶ 8] Pursuant to Wyo. Stat. Ann. § 7–6–104 (LexisNexis 2005), the district court has discretion as to whether or not to appoint counsel at non-critical stages of a criminal proceeding, and our review of a denial of a request for appointment of counsel is limited to determining whether or not the district court abused its discretion. *See, Patrick v. State*, 2005 WY 32, ¶ 16, 108 P.3d 838, 843–44 (Wyo.2005). The abuse-of-discretion standard of review examines the reasonableness of the trial court's choice. *Lacey v. State*, 2003 WY 148, ¶ 7, 79 P.3d 493, 495 (Wyo.2003); *Griswold v. State*, 2001 WY

---

4. Mr. Kolb was convicted of first degree murder as defined in Wyo. Stat. Ann. § 6–2–101 (Cum. Supp.1993), which stated:

   (a) Whoever purposely and with premeditated malice, or in the perpetration of, or attempt to perpetrate, any sexual assault, arson, robbery, burglary, escape, resisting arrest or kidnapping, kills any human being is guilty of murder in the first degree.

   (b) A person convicted of murder in the first degree shall be punished by death or life imprisonment according to law, except that no person shall be subject to the penalty of death for any murder committed before the defendant attained the age of sixteen (16) years.

5. Wyo. Stat. Ann. § 6–2–201(a)(iii) and (d) (1988) set out the definition of aggravated kidnapping:

   (a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to:

   (i) Hold for ransom or reward, or as a shield or hostage;

   (ii) Facilitate the commission of a felony; or

   (iii) Inflict bodily injury on or to terrorize the victim or another.

   * * *

   (d) If the defendant does not voluntarily release the victim substantially unharmed and in a safe place prior to trial, kidnapping is a felony punishable by imprisonment for not less than twenty (20) years or for life except as provided in W.S. 6–2–101.

14, ¶ 7, 17 P.3d 728, 731 (Wyo.2001). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Martinez v. State,* 2002 WY 10, ¶ 7, 39 P.3d 394, 396 (Wyo.2002).

## DISCUSSION

### A. *Motions to Correct Illegal Sentence*

■ [¶ 9] Pursuant to W.R.Cr.P. 35(a), a motion to correct an illegal sentence may be brought at any time. " 'An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law.' " *Martinez,* ¶ 9, 39 P.3d at 396, quoting *Duran v. State,* 949 P.2d 885, 887 (Wyo.1997). *See also, Brown v. State,* 2004 WY 119, ¶ 7, 99 P.3d 489, 492 (Wyo.2004). Appellants present several arguments in support of their claims the district court erred by denying their motions to correct illegal sentence, including: 1) the district court's orders denying their motions did not properly address their legal arguments; 2) their convictions should have merged for sentencing; 3) their sentences were enhanced on the basis of improper factors; and 4) their sentences were illegally executed because the DOC transferred them to a detention center in Texas to serve their sentences.

#### 1. *District Court's Orders*

■ [¶ 10] Appellants argue their cases should be remanded to their respective district courts with directions requiring the courts to articulate the legal reasons for denying their motions to correct illegal sentence. The appellants cite to general constitutional provisions but do not provide any specific authority indicating district courts are required to provide detailed legal reasons for their rulings on motions to correct an illegal sentence.

[¶ 11] In Mr. Gould's case, the district court's order denying his motion to correct an illegal sentence stated, in pertinent part:

"The court, having considered said motion and the governing law, finds that defendant's motion is without merit and, in large part, directs the court to consider case law and authority that is not governing in defendant's matter." Mr. Gould filed a motion "for reasoned judgment" and a motion for rehearing. The district court denied his motions, indicating the sentences were within the limits prescribed by Wyoming law and the court had discretion to sentence him to consecutive sentences. The court stated Mr. Gould's sentences were appropriate in light of his "extensive criminal history and the extreme violence of the case." In Mr. Kolb's case, the district court's order, although brief, indicates it considered his filings and the procedural history of the case and denied his motions for the reasons set forth in the State's Traverse.[6]

[¶ 12] The respective orders indicate the district courts did, in fact, consider the appellants' legal claims. In their arguments to this Court, appellants do not identify any specific authority obligating the district courts to make more definitive findings and conclusions in support of their decisions. We, therefore, refuse to remand these cases to the district courts to require them to include further reasons for their respective denial orders. Moreover, as is apparent from our decisions on the substantive issues presented in this case, such an exercise would have no practical effect on the outcome.

#### 2. *Merger of Sentences*

[¶ 13] Appellants argue their sentences were illegal because they were punished multiple times for the same conduct in violation of the constitutional proscriptions against double jeopardy. They do not challenge the validity of the underlying convictions, but argue the convictions should have merged for sentencing. Compare, *DeSpain v. State,* 865 P.2d 584 (Wyo.1993) (holding a double jeopardy challenge to multiple convictions for a single criminal event must be brought in a petition for post conviction relief pursuant to Wyo. Stat. Ann. §§ 7–14–101, et seq. rather

---

6. The State's Traverse included a comprehensive discussion of the law pertaining to illegal sentences, merger of convictions for sentencing, and sentence enhancements.

than in a motion to correct an illegal sentence under W.R.Cr.P. 35(a)), and *Birr v. State*, 878 P.2d 515 (Wyo.1994), upon rehearing, 895 P.2d 43 (Wyo.1995).

[¶ 14] Before we address the merits of the appellants' arguments, we consider whether their claims are barred by *res judicata*. The preclusive doctrine of *res judicata* applies in the criminal context, as well as to civil matters. *See, e.g., Beck v. State*, 2005 WY 56, 110 P.3d 898 (Wyo.2005); *Lacey*, 2003 WY 148, 79 P.3d 493; *Kallas v. State*, 776 P.2d 198 (Wyo.1989). Our precedent is clear that the principle of *res judicata* may be applied to claims brought pursuant to W.R.Cr.P. 35(a). *See, e.g., Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo.1997). In *Hamill*, we rejected the appellant's argument that, because Rule 35 states that a motion to correct an illegal sentence may be brought at any time, it is not subject to bar under the doctrine of *res judicata*. *Id.*

[¶ 15] *Res judicata* bars relitigation of issues raised and considered in a prior criminal proceeding. *Lacey*, ¶ 11, 79 P.3d at 495. Moreover, "[i]t is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration." *Id.* (emphasis added). It is, therefore, appropriate for us to consider application of the preclusive doctrine to appellants' Rule 35(a) claims that their sentences are illegal because their convictions should have merged for sentencing.

[¶ 16] As we stated earlier, Mr. Gould pled guilty to aggravated assault and battery and burglary and was sentenced to consecutive terms for his actions. He initially filed a direct appeal, but voluntarily dismissed that appeal before any action was taken by this Court. He subsequently filed a motion for sentence reduction, asking the district court to reconsider its decision to impose consecutive sentences. The district court denied his motion, and he did not appeal that decision. Thus, Mr. Gould had the opportunity to argue his sentences should merge for purposes of sentencing in both his direct appeal and his 2002 motion to reduce his sentence, which he did not appeal. The judicial interests of finality in criminal cases demand disciplined application of the preclu-sive doctrine. *See Nixon v. State*, 2002 WY 118, 51 P.3d 851 (Wyo.2002) (providing a comprehensive discussion of the importance of finality in criminal cases). Consequently, we conclude Mr. Gould's merger issue is barred by *res judicata*.

[¶ 17] Although the procedural history in Mr. Kolb's case differs from Mr. Gould's, the same underlying principles apply. Mr. Kolb was convicted after a jury trial of first degree murder and aggravated kidnapping. *Kolb*, 930 P.2d at 1239–40. He appealed and this Court affirmed. *Id.* Although he could have presented a claim that his sentences should have merged in his direct appeal, he did not do so. Under our precedent, it is clear Mr. Kolb had an obligation to present his claim that his convictions should have merged for sentencing in a timely fashion. *Mead v. State*, 2 P.3d 564 (Wyo.2000); *See also, Hamill*, 948 P.2d at 1359. Having failed to do so, he is barred from litigating that issue at this late date.

[¶ 18] Further, although we are under no obligation to do so, we note the appellants' claims that their convictions should have merged for sentencing are not well-founded. Mr. Gould pled guilty to, and was convicted of, burglary for entering a home without authorization to demand sex from the female victim. He also pled guilty to, and was convicted of, aggravated assault and battery for the vicious beating which followed the victim's refusal to comply with his demands for sex. As is obvious from the quotation of the relevant statutes in footnotes 2 and 3 of this opinion, the elements of the two crimes are very different. Furthermore, under the rationale of cases like *Owen v. State*, 902 P.2d 190 (Wyo.1995) and *Bilderback v. State*, 13 P.3d 249, 254–55 (Wyo.2000), even a cursory review of the facts demonstrates Mr. Gould could have committed either of his crimes without necessarily committing the other. His convictions would not, therefore, merge for sentencing purposes.

[¶ 19] Mr. Kolb was convicted of aggravated kidnapping and first degree premeditated murder. The elements of those crimes, as set out in footnotes 4 and 5 of this

opinion, are very different and the legislative intent to punish them separately is obvious. Moreover, we concluded in *Kolb*, 930 P.2d at 1247, there was sufficient evidence to sustain Mr. Kolb's conviction for pre-meditated murder. It is evident from that conclusion that, although the crimes occurred during an ongoing criminal episode, the kidnapping was not an essential component of the pre-meditated murder charge. Mr. Kolb's merger argument, therefore, also fails on its merits.

### 3. Sentence Enhancement

[¶ 20] As we explained earlier, both appellants were convicted of two crimes and sentenced to separate sentences for each conviction, with the sentences to be served consecutively. Relying upon the United·States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), appellants claim their rights under the Sixth Amendment to the United States Constitution were violated because the district courts "enhanced" their sentences by ordering them to be served consecutively without an admission by the accused or a determination by a jury as to that "enhancement." [7] They do not, however, identify any particular factors which were improperly relied upon by the district courts in ordering the consecutive sentences.

[¶ 21] In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime **beyond the prescribed statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). In *Blakely*, the United States Supreme Court considered the State of Washington's determinate sentencing structure. *Blakely*, 542 U.S. at 299–300, 124 S.Ct. 2531. Blakely pled guilty to kidnapping which carried a maximum sentence of fifty-three months. However, "[p]ursuant to state law, the court imposed an 'exceptional'

sentence of 90 months after making a judicial determination that he had acted with 'deliberate cruelty.' " *Blakely*, 542 U.S. at 298, 124 S.Ct. 2531. Relying on *Apprendi*, the United States Supreme Court ruled the sentencing judge's decision to increase Blakely's sentence beyond the statutory maximum based upon the judge's finding Blakely acted with "deliberate cruelty" violated the Sixth Amendment right to a jury trial. *Id.* at 303–05, 124 S.Ct. 2531. In that decision, the Court expressly distinguished indeterminate sentencing schemes, like Wyoming's, and ruled they do not infringe on the province of the jury. *Blakely*, 542 U.S. at 308–10, 124 S.Ct. 2531. *See also, Janssen v. State*, 2005 WY 123, ¶¶ 20–22, 120 P.3d 1006, 1011–12 (Wyo.2005).

[¶ 22] Applying *Apprendi* and its progeny in *Janssen*, we concluded "the district court was free, in the exercise of its sentencing discretion, to consider factors relating to Mr. Janssen and his crimes in imposing an appropriate sentence within the statutory range." *Janssen*, ¶ 21, 120 P.3d at 1012. *See also, Smith v. State*, 2005 WY 113, ¶ 37, 119 P.3d 411 (Wyo.2005). We held, because Mr. Janssen was sentenced under Wyoming's indeterminate sentencing structure and his sentence fell within the statutory maximum for his crime, *Apprendi* and *Blakely* did not support his claim. *Janssen*, ¶ 21, 120 P.3d at 1011–12.

[¶ 23] Appellants were sentenced in accordance with Wyoming's indeterminate sentencing statute, Wyo. Stat. Ann. § 7–13–201 (LexisNexis 2005) (except Mr. Kolb's first degree murder conviction which mandated death or life imprisonment), and their individual sentences fell within the statutory maximums set out for their crimes. Consequently, in accordance with our rulings in *Janssen* and *Smith*, there was no obvious violation of the constitutional principles discussed in *Apprendi* and *Blakely*.

[¶ 24] With regard to the consecutive nature of their sentences, we have long said the

---

7. An argument could be made that, like the double jeopardy issue, this claim is barred by *res judicata* because it was not raised in an earlier proceeding. We note, however, the United States Supreme Court decisions relied upon by

the appellants were not published until several years after we affirmed Mr. Kolb's convictions. Therefore, we are inclined to address this issue as to Mr. Kolb. Because Mr. Gould's argument is very similar, we address his claim by default.

district court has discretion in determining whether the sentences will be served consecutively or concurrently. *See, e.g., Doles v. State,* 2002 WY 146, ¶ 16, 55 P.3d 29, 33 (Wyo.2002); *Eaton v. State,* 660 P.2d 803, 806 (Wyo.1983). Other than their argument that the consecutive sentences violated the Sixth Amendment under the precepts of *Apprendi* and *Blakely,* the appellants do not point to any specific error in the district courts' decision to order their sentences to be served consecutively. The argument that judicial imposition of consecutive sentences violates the Sixth Amendment has been soundly rejected by other courts. The Hawaii Supreme Court stated: "[O]ther jurisdictions, including several federal circuits, have aphoristically dismissed the proposition that either *Blakely* or *Apprendi* proscribes consecutive term sentencing, and this court does likewise." *State v. Kahapea,* 111 Hawai'i 267, 141 P.3d 440 (2006), and cases cited therein. We follow suit and conclude the district courts did not improperly enhance the appellants' sentences under the Sixth Amendment and the rationale of *Apprendi* or *Blakely* simply by imposing consecutive sentences for their separate crimes.

### B. *Transfer to Texas Detention Center*

[¶ 25] Appellants claim their sentences are illegal because the DOC transferred them to a facility in Texas to serve their terms of imprisonment. They submit a myriad of complaints about the transfer, including the contract between Wyoming and Texas violates Wyoming law, and, by transferring them to another jurisdiction, the State of Wyoming "pardoned" them. The threshold question, however, is whether a Rule 35 motion is the proper procedural mechanism to challenge the DOC's actions in executing their sentences. As we stated earlier in this opinion, an illegal sentence is "one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Brown,* ¶ 7, 99 P.3d at 491. Our inquiry under Rule 35 focuses on the sentence itself, not upon the State's actions in executing the sentence.

[¶ 26] "A prisoner transfer does not work an increase in punishment or sentence." 72 C.J.S. Prisons § 128 (2006). Thus, cases which consider the propriety of a state's actions in executing a sentence are typically brought by means other than a motion to correct an illegal sentence. For example, in *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), an inmate challenged his transfer from one state to another to serve his sentence in a civil rights action under 42 U.S.C. § 1983. Other cases concerning the transfer of prisoners between jurisdictions, including some cited by the appellants in support of their positions, *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967) and *Thompson v. Bannan,* 298 F.2d 611 (6th Cir.1962), are brought as habeas corpus petitions. Those procedures seem to be more appropriate for challenging executive branch transfer decisions. Because the appellants are not contesting the legality of their sentences, but only the way in which the DOC has executed them, this issue is not properly before us.

[¶ 27] Appellants have not demonstrated the district courts abused their discretion by denying the appellants' motions to correct illegal sentences. Consequently, they are not entitled to appellate relief on this issue.

### C. *Right to Counsel/Law Library*

[¶ 28] Appellants also challenge the district courts' denials of their requests for appointment of counsel to assist them with their motions to correct illegal sentence. Although their arguments are somewhat difficult to follow, the appellants apparently claim they were entitled to appointment of counsel because the law library at the Texas facility did not contain adequate legal resources or persons trained in the law to help them. This issue, therefore, implicates not only the right to counsel, but also the right of access to legal materials.

[¶ 29] Wyoming rules and statutes address a criminal defendant's right to appointment of counsel. W.R.Cr.P. 44(a)(1) provides:

Any person financially unable to obtain adequate representation who is charged with a crime for which violation, incarcer-

ation as a punishment is a practicable possibility or with juvenile delinquency is entitled to appointed counsel. **The right extends from the first appearance in the court through appeal.**

(emphasis added). Rule 44 does not indicate appointment is required for post-judgment proceedings.

[¶ 30] Section 7–6–104(c)(vi), which pertains to appointment of public defenders to represent indigent defendants, provides in pertinent part: "A needy person . . . is entitled . . . to be represented by counsel at every stage of the proceedings, from the time of the initial appointment by the court until the entry of final judgment, at which time the representation shall end, unless the court appoints counsel for purposes of appeal, correction or modification of sentence." Section 7–6–104(c)(vi) indicates appointment of counsel for post-judgment proceedings is a matter within the district court's discretion.

[¶ 31] In *Pearl v. State*, 996 P.2d 688 (Wyo.2000), we discussed the constitutional requirements for appointment of counsel. "The Sixth Amendment right to counsel accrues at the time adversary judicial proceedings are initiated against the defendant. Counsel is required not just at trial, but at 'critical stages' both before and after trial in which the substantial rights of the accused may be affected." *Id.* at 689. In *Duffy v. State*, 837 P.2d 1047 (Wyo.1992), we recognized the United States Supreme Court's process for determining whether a proceeding is "critical."

In *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Court established a two-stage process to be invoked to determine whether a proceeding is "critical," and whether prejudicial error could flow from it. The Court there stated that the confrontation between the Court and a defendant, without counsel, must be analyzed to determine whether it creates "potential substantial prejudice to defendant's rights." *Wade*, 388 U.S. at 227, 87 S.Ct. at 1932. The succeeding step of the analysis is invoked to determine if the presence of counsel either would, or potentially could, protect the rights of the accused.

The defendant's rights are jeopardized if the defendant makes some sort of admission against penal interest, loses a potential defense, or furnishes a plea of guilty or *nolo contendere*. We essentially have adopted the tests articulated in *Powell* and *Wade*.

*Duffy*, 837 P.2d at 1052.

[¶ 32] We held in *Patrick*, ¶ 16, 108 P.3d at 843–44, a motion for sentence reduction was not a critical stage of the criminal proceedings; consequently, the district court had discretion in deciding whether or not to appoint counsel and we reverse the district court's decision only if it abused its discretion. The *Patrick* ruling was consistent with *Duffy* because a motion for sentence reduction does not jeopardize any rights of the defendant. Similarly, our rules and statutes do not mandate appointment of counsel to assist defendants with motions to correct illegal sentences and a motion to correct an illegal sentence does not jeopardize a defendant's rights as articulated in *Duffy*. In accordance with our ruling in *Patrick*, we conclude a motion to correct an illegal sentence is not a critical stage of criminal proceedings and the decision of whether or not to appoint counsel rests in the district court's sound discretion.

[¶ 33] Appellants claim, under *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the district courts should have appointed counsel to assist them in their cases because the law library at the Texas facility was inadequate for their purposes. In *Lewis*, the United States Supreme Court ruled: " 'prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174, quoting *Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). In order to establish a violation of the constitutional right to access to courts, a defendant must show an actual injury resulting from the claimed violation or deficiency. *Id.* at 351–52, 116 S.Ct. 2174. A defendant must show "alleged shortcomings

in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351, 116 S.Ct. 2174. Although both appellants in this case make uncorroborated claims about the deficiencies in the legal resources available to them, they do not establish the actual injury required to demonstrate a violation of their constitutional right to access to courts. The lack of legal resources is the basis for their claim that they were entitled to appointment of counsel. Because that argument is unavailing, we do not find any abuse of discretion in the district courts' decisions denying their requests for appointment of counsel.

[¶ 34] Affirmed.