# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 49

**APRIL TERM, A.D. 2020**

**April 15, 2020**

JAMES MICHAEL WILEY,

Appellant
(Defendant),

v.                                             S-19-0174

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Hot Springs County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General. Argument by Mr. Eames.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*GRAY, J., delivers the opinion of the Court; KAUTZ, J., files a specially concurring opinion.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    James Michael Wiley was sentenced to three life sentences (for three first-degree murder counts) and one twenty-year to life sentence (for a second-degree murder count), all running concurrently, and one eighteen- to twenty-year sentence (for an arson count) running consecutively to the other sentences, for crimes he committed when he was fifteen years old (collectively, 1992 sentence).  Mr. Wiley moved to correct his 1992 sentence, claiming it was illegal, in violation of *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), *Bear Cloud v. State*, 2014 WY 113, 334 P.3d 132 (Wyo. 2014) (*Bear Cloud III*), and their progeny.  He asserts he is entitled to an individualized sentencing hearing.  The district court denied the motion and Mr. Wiley appeals.  We affirm.

*ISSUE*

[¶2]    Is the 1992 sentence imposed when Mr. Wiley was a juvenile a de facto life sentence entitling him to an individualized sentencing hearing under *Miller*?

*FACTS*

[¶3]    In 1992, when he was sixteen years old, Mr. Wiley pled guilty to three counts of first-degree murder, one count of second-degree murder, and one count of first-degree arson—crimes he committed when he was fifteen.  The trial court sentenced him to three life sentences (for the first-degree murder counts) and one twenty-year to life sentence (for the second-degree murder count), all running concurrently, and one eighteen- to twenty-year sentence (for the arson count) running consecutively to the other sentences.

[¶4]    In June 1996, when he was twenty-one, Mr. Wiley pled guilty to a charge of escape and was sentenced to not less than three years nor more than six years running consecutively to his 1992 sentence.

[¶5]    Mr. Wiley filed a Motion to Correct an Illegal Sentence based on the sentences imposed in 1992.  His motion was denied and Mr. Wiley appeals.

*DISCUSSION*

***Is the 1992 sentence imposed when Mr. Wiley was a juvenile a de facto life sentence entitling him to an individualized sentencing hearing under Miller?***

**A.    Standard of Review**

[¶6]    "A district court has discretion in ruling on a motion to correct an illegal sentence; consequently, we review the district court's ruling for abuse of discretion."  *Gould v.*

1

*State*, 2006 WY 157, ¶ 7, 151 P.3d 261, 264 (Wyo. 2006). However, we review constitutional challenges to sentences de novo. *Davis v. State*, 2018 WY 40, ¶ 23, 415 P.3d 666, 676 (Wyo. 2018); *Bear Cloud III*, ¶ 13, 334 P.3d at 137.

## B.   Analysis

[¶7]   In 2012, twenty years after Mr. Wiley was originally sentenced, the United States Supreme Court issued its decision in *Miller*. The *Miller* Court held that a life sentence for juveniles violates the Eighth Amendment for all but "the rarest of children, those whose crimes reflect irreparable corruption." *Montgomery v. Louisiana*, 577 U.S. ____, ____, 136 S.Ct. 718, 726, 193 L.Ed.2d 599 (2016), *as revised* (Jan. 27, 2016) (citations and internal quotation marks omitted); *see also Miller*, 567 U.S. at 479, 132 S.Ct. at 2469. Accordingly, *Miller* requires juvenile sentencing courts to consider a child's "diminished culpability and heightened capacity for change" before sentencing a child to life in prison. *Id.* at 479, 132 S.Ct. at 2469. We adopted the *Miller* holding in *Bear Cloud II*, where we held that in order to fulfill the requirements of *Miller*, a trial court must consider "the factors of youth and the nature of the homicide at an individualized sentencing hearing when determining whether to sentence the juvenile offender to life without the possibility of parole or to life according to law." *Bear Cloud v. State*, 2013 WY 18, ¶ 42, 294 P.3d 36, 47 (Wyo. 2013) (*Bear Cloud II*).

[¶8]   A *Miller* hearing is an individualized sentencing hearing in which the sentencing court must determine whether the defendant is "irreparably corrupt." *See Bear Cloud III*, ¶¶ 27, 33, 334 P.3d at 141–42; *Davis*, ¶¶ 35–59, 415 P.3d at 679–85. Following *Miller*, in *Montgomery*, the United States Supreme Court held that *Miller* applied retroactively to juveniles who were sentenced prior to *Miller*. *See Davis*, ¶ 38, 415 P.3d at 679–80. In response to *Miller* and *Bear Cloud II*, the Wyoming Legislature amended Wyo. Stat. Ann. § 6-10-301(c), by providing that juvenile offenders sentenced to life in prison are eligible for parole after twenty-five years.

[¶9]   Here, we have an aggregate sentence—three concurrent life sentences and one twenty-year to life sentence, followed by a consecutive term of years. An aggregate sentence that is the functional equivalent of a life sentence for a juvenile violates the Eighth Amendment unless the juvenile is sentenced after being found "irreparably corrupt" in a *Miller* hearing. *Bear Cloud III*, ¶ 33, 334 P.3d at 141–42; *Davis*, ¶¶ 24–28, 415 P.3d at 676–77. Even when Wyo. Stat. Ann. § 6-10-301(c) causes a juvenile offender serving a life sentence to be eligible for parole after twenty-five years, the juvenile offender is entitled to a *Miller* hearing if, after application of the statute, his aggregate sentence is the functional equivalent of a life sentence. *Bear Cloud III*, ¶ 32, 334 P.3d at 141 (a "lengthy aggregate sentence . . . whose practical effect is that the juvenile offender will spend his lifetime in prison triggers the Eighth Amendment protections set forth by the United States Supreme Court in *Miller*"); *see also Sen v. State*, 2017 WY 30, ¶ 18, 390 P.3d 769, 775 (Wyo. 2017) (*Sen III*). We must consider

whether Mr. Wiley's 1992 sentence is the functional equivalent of a life sentence to determine whether he is entitled to a retroactive individualized sentencing hearing.

[¶10]   We have held that "[a]n aggregated minimum sentence exceeding the 45[years in prison]/61 [years old at the earliest time of release] standard is the functional equivalent of life without parole and violates *Bear Cloud III*[,] *Miller* and [their] progeny." *Sam v. State*, 2017 WY 98, ¶ 80, 401 P.3d 834, 860 (Wyo. 2017).

[¶11]   In *Bear Cloud III*, Mr. Bear Cloud was sentenced to life in prison with the possibility of parole after twenty-five years for felony murder, to run consecutively to a twenty- to twenty-five-year sentence for aggravated burglary, and concurrently to a sentence for conspiracy to commit aggravated burglary.  *Bear Cloud III*, ¶ 11, 334 P.3d at 136.  Mr. Bear Cloud's earliest opportunity for release would have occurred after serving just over forty-five years, when he reached age sixty-one.  We held that the 45/61 aggregate sentence was the "functional equivalent of life without parole" and required the district court to conduct a *Miller* hearing.  *Bear Cloud III*, ¶¶ 33–34, 334 P.3d at 141–42.

[¶12]   In *Sam*, we held that that a minimum sentence of fifty-one years with possible release at seventy, exceeded the 45/61 standard set forth in *Bear Cloud III*, ¶¶ 11, 33, 334 P.3d at 136, 142, and was the functional equivalent of life without parole.  *Sam*, ¶ 80, 401 P.3d at 860.  Similarly, in *Davis*, the earliest projected parole eligibility occurred after forty-six years and age sixty-four.[1]  *Davis*, ¶ 24, 415 P.3d at 676.  Under the *Bear Cloud III* standard, Mr. Davis's sentence was the functional equivalent of life without parole entitling him to an individualized sentencing hearing in compliance with *Miller*.  *Davis*, ¶ 26, 415 P.3d at 676–77.

[¶13]   In *Sen III*, Mr. Sen was serving an aggregate sentence which required at least thirty-five years in prison before becoming eligible for parole at the age of fifty.  *Sen III*, ¶¶ 10, 25, 390 P.3d at 772–73, 777.  Mr. Sen argued that this was the functional equivalent of life without parole.  *Id.* ¶ 22, 390 P.3d at 776.  We rejected his argument, holding that a thirty-five-year aggregate sentence "did not trigger the *Miller* protections." *Sam v. State*, 2019 WY 104, ¶ 10, 450 P.3d 217, 221 (Wyo. 2019) (*Sam II*) (citing *Sen III*, ¶¶ 19, 22, 390 P.3d at 775–76).

[¶14]   Mr. Wiley argues that his 1992 sentence is the functional equivalent of life without parole requiring an individualized sentencing hearing.[2]  Mr. Wiley is eligible for parole

---

[1] At the time of his appeal, Mr. Davis had "served almost thirty-four years on his life sentence when he was paroled" from that sentence to begin serving his consecutive twenty- to fifty-year sentence for aggravated robbery.  *Davis*, ¶ 24, 415 P.3d at 676.  If he served the shortest possible sentence on the aggravated robbery, he would have served almost fifty-four years and would be released when he was seventy-one years old.  *Id.*

[2] In considering Mr. Wiley's argument, we do not consider his subsequent consecutive sentence for

3

on his concurrent sentences (three life sentences and one twenty-year to life sentence) by operation of Wyo. Stat. Ann. § 6-10-301(c). *See State v. Mares*, 2014 WY 126, ¶¶ 24–25, 335 P.3d 487, 497–98 (Wyo. 2014). Once granted parole, his consecutive eighteen-to twenty-year sentence for arson would begin. Mr. Wiley's 1992 sentence renders him eligible for parole after serving a minimum of forty-three years—twenty-five years for the concurrent life sentences followed by eighteen years for the arson sentence. After forty-three years, Mr. Wiley would be fifty-eight years old. His 1992 sentence is not the functional equivalent of life in prison. *See, e.g.*, *People v. Wyatt*, No. 1-16-0032-, ¶ 19, 2018 WL 3244476 (D. IL App. (1st) June 29, 2018), *appeal pending* (Sept. Term 2018) (defendant's forty-two-year combined sentence, for which he would be eligible for release at age fifty-six, is not a de facto life sentence); *Mason v. State*, 235 So. 3d 129, 134 (Miss. Ct. App. 2017) (defendant's potential release date at fifty-seven years old is not a de facto life sentence); *State v. Diaz*, ¶ 58, 887 N.W.2d 751, 768 (S.D. 2016) (lengthy juvenile sentence with opportunity for release at age fifty-five did not constitute a de facto life sentence). Mr. Wiley is not entitled to an individualized sentencing hearing under *Miller*.

---

escape. Mr. Wiley's escape did not occur while he was a juvenile, he was not sentenced for the escape while he was a juvenile, nor was the escape sentence part of a "lengthy aggregate sentence for closely-related crimes." *Bear Cloud III*, ¶¶ 32–33, 334 P.3d at 141–42; *Sen III*, ¶ 18, 390 P.3d at 775. The district court erroneously considered Mr. Wiley's 1996 sentence for escape when it denied Mr. Wiley's motion to correct illegal sentence:

> Independent of [the finding that his sentence was not a de facto life sentence], the Court finds that the issues raised in the Defendant's *Motion to Correct an Illegal Sentence* have been rendered moot by the Defendant's conviction for escape while serving his life sentences. Under [Wyo. Stat. Ann. §] 7-13-402(b)(ii) the Defendant is no longer eligible for parole and this Court cannot provide any meaningful remedy to Defendant's claims.

Wyo. Stat. Ann. § 7-13-402 sets forth the general powers and duties of the Wyoming Board of Parole. Subsection (a) provides that the Board may "grant parole to a person serving a sentence for an offense committed before the person reached the age of eighteen (18) years of age as provided in W.S. 6-10-301(c)." Subsection (b) states that a "prisoner is not eligible for parole on a sentence if, while serving that sentence, he has: . . . (ii) [e]scaped, attempted to escape or assisted others to escape from any institution." Wyo. Stat. Ann. § 7-13-402(a), (b)(ii) (LexisNexis 2019).

The Wyoming Legislature has vested the power to grant parole in the Board of Parole and not the courts. Wyo. Stat. Ann. §§ 7-13-401 through -421; *see also Dorman v. State*, 665 P.2d 511, 512 (Wyo. 1983). The question before the district court was not tethered to the later charge or the Board's authority to grant parole on that charge. Therefore, the district court's findings in regard to parole are a nullity.

We further note that the effect of Mr. Wiley's escape charge on his eligibility for parole would not properly be addressed in a proceeding to correct an illegal sentence. If Mr. Wiley wished to challenge the Board of Parole's application of Wyo. Stat. Ann. § 7-13-402(b)(ii), that would require a separate action against the Board. *See Barela v. State*, 2016 WY 68, ¶ 8, 375 P.3d 783, 786–87 (Wyo. 2016) (quoting *Pfeil v. State*, 2014 WY 137, ¶¶ 24–25, 336 P.3d 1206, 1213–14 (Wyo. 2014)).

## *CONCLUSION*

[¶15] Mr. Wiley's sentence is not a de facto life sentence entitling him to an individualized sentencing hearing under *Miller*.  Affirmed.

**KAUTZ, J., specially concurring.**

[¶16] I concur in the result reached by the majority, but respectfully reiterate my position as set out in *Sam v. State*, 2017 WY 98, ¶ 88-89, 401 P.3d 834, 862 (Wyo. 2017)*, Sen v. State*, 2017 WY 30, ¶¶ 36-37, 390 P.3d 769, 779 (Wyo. 2017) (*Sen III*), and *Davis v. State*, 2018 WY 40, ¶¶ 109-114, 415 P.3d 666, 696-97 (Wyo. 2018).